IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 16-358 |
| v. | : | |
| | : | CIVIL ACTION |
| ROGELIO ENRIQUE LOPEZ-BATISTA | : | No. 18-4965 |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                **July 24, 2020**

Defendant Rogelio Lopez-Batista has filed a pro se motion to vacate, set aside, or correct his sentence. He argues his counsel was ineffective in failing to give him an opportunity to use a safety valve provision to avoid a mandatory minimum sentence and in failing to secure his right to allocution. The Court will deny Lopez-Batista's motion without a hearing because the record demonstrates Lopez-Batista had several opportunities to take advantage of the safety valve provision and he was not prejudiced by his failure to allocute.

### BACKGROUND

On February 14, 2017, Lopez-Batista pleaded guilty to attempted possession with intent to distribute a kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was thus subject to a mandatory minimum sentence of ten years in prison. 21 U.S.C. § 841(b)(1)(A). The Court could have imposed a sentence below the mandatory minimum, however, if Lopez-Batista met the requirements for the statutory safety valve provision. *See* 18 U.S.C. § 3553(f) (authorizing district courts to sentence drug offenders below the mandatory minimum if certain requirements are met). One of the requirements of this provision was that Lopez-Batista truthfully provided the government with all information he had concerning his offense. *Id.* at § 3553(f)(5).

In May 2017, Lopez-Batista had two government interviews during which he could have provided truthful information to the government in satisfaction of the safety valve provision, but he did not do so. The government wanted to know the identity of the customer who was going to buy Lopez-Batista's heroin, but Lopez-Batista insisted he did not know this person's identity. In his first government interview, Lopez-Batista explained he was arrested before he received the phone number he was supposed to use to contact the customer. In his second interview, however, he was confronted with text messages showing he had the customer's phone number before he was arrested. After he saw those text messages, Lopez-Batista admitted he had spoken with the customer over the phone, but he continued to deny knowing the customer's identity.

At his sentencing hearing on October 10, 2017, Lopez-Batista was given another opportunity to talk to the government, but Lopez-Batista's counsel concluded another interview would not be productive. His counsel reached this conclusion after conferring with Lopez-Batista and learning Lopez-Batista did not intend to share the name of his customer.

After hearing arguments and evidence on whether Lopez-Batista qualified for the safety valve provision, the Court ruled he did not. The Court found Lopez-Batista's text messages and recorded conversations contradicted Lopez-Batista's statements that he did not know the identity of his customer. The Court then concluded Lopez-Batista withheld the name of the customer from the government, and he therefore did not truthfully provide the government with all information concerning his offense. Lopez-Batista thus did not satisfy the requirements of the safety valve provision. After finding Lopez-Batista did not qualify for the safety valve provision, the Court sentenced Lopez-Batista to the mandatory minimum term of ten years imprisonment.

Lopez-Batista unsuccessfully appealed his sentence. In his appeal, he argued he was denied his right to allocution, but the Third Circuit found this error was harmless. Lopez-Batista now

moves to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255. He argues his counsel was ineffective under the Sixth Amendment because he did not give Lopez-Batista an opportunity to provide truthful information to support his safety valve request and he failed to request allocution during sentencing.

**DISCUSSION**

The Court will deny Lopez-Batista's motion without a hearing because the record shows his counsel was not constitutionally ineffective. Lopez-Batista's counsel was not deficient in declining a third opportunity for Lopez-Batista to speak to the government regarding the safety valve, and any alleged deficiency did not cause him prejudice. Lopez-Batista was also not prejudiced by his failure to allocute.[1]

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move to have his sentence vacated, set aside, or corrected if the sentence was imposed in violation of a constitutional right

---

[1] Lopez-Batista also claims for the first time in his reply brief that his counsel was ineffective because he did not advise Lopez-Batista he was pleading guilty to violating 21 U.S.C. § 841(b)(1)(A), which carried a ten-year mandatory minimum, rather than 21 U.S.C. § 841(b)(1)(B), which carried a five-year mandatory minimum. As an initial matter, Lopez-Batista has waived this argument by not raising it in his opening brief. *See In re Surrick* 338 F.3d 224, 228 (3d Cir. 2003) (explaining that, when an issue was raised for the first time in an appellate reply brief, "failure to identify or argue this issue in [the] opening brief constitute[d] waiver").

Even if Lopez-Batista had not waived this argument, there is ample evidence in the record that he was aware he was charged with violating 21 U.S.C. § 841(b)(1)(A) which carried a ten-year mandatory minimum. During Lopez-Batista's plea colloquy, the Court asked Lopez-Batista whether he pleaded guilty to violating "Section[s] 841(a)(1), [and] (B)(1)(A)" and he answered yes. Hr'g Tr. at 39, February 14, 2017, ECF 56. The Court also asked Lopez-Batista twice during the colloquy if he understood he faced a ten-year mandatory minimum, and Lopez-Batista stated he did. *See Id.* at 13, 16-17. In addition, despite Lopez-Batista's statement to the contrary, the correct charge was identified in the Indictment. *See* Indictment at 1, ECF 1. Finally, Lopez-Batista signed a plea agreement related to this charge. Because Lopez-Batista was clearly aware of both the charge and the mandatory minimum, he was not prejudiced by any alleged mistake in his counsel's statements about the charge and the penalty. *See United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) ("[W]e have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted.")

3

such as the right to effective assistance of counsel. In evaluating a § 2255 motion, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015). When a § 2255 motion is filed, a district court must "grant a prompt hearing" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To prevail on an ineffective assistance of counsel claim, a defendant must show his counsel's performance was deficient, and he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, a defendant must rebut the strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance. *Id.* at 689. An ineffectiveness claim is evaluated by "judg[ing] the reasonableness of . . . challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. To show prejudice, a defendant must show, but for counsel's deficient performance, there was a reasonable probability the result of the proceeding would have been different. *Id.* at 694. Neither of the errors Lopez-Batista has identified meet both the deficiency and prejudice prongs of this test.

Lopez-Batista's counsel was not deficient in securing him opportunities to speak to the government in support of his eligibility for the safety valve. Lopez-Batista's counsel ensured that he had two opportunities to speak to the government to qualify for this provision in May 2017. His counsel's decision not to take advantage of a third opportunity for Lopez-Batista to speak with the government during the sentencing hearing did not amount to deficient performance. Counsel reasonably concluded Lopez-Batista was not willing to share the identity of his customer, so an additional government interview would have been futile. Because Lopez-Batista's counsel's behavior was reasonable, it was not deficient.

Even if Lopez-Batista's counsel had been deficient when he declined an additional opportunity for Lopez-Batista to talk to the government, Lopez-Batista was not prejudiced by this error. Lopez-Batista continues to maintain he does not know the name of his customer. See Def.'s Reply Br. in Further Supp. Of Mot. to Vacate at 11 (Lopez-Batista stating he "did not have additional information which the government was not aware of")[2] Therefore, regardless of how many opportunities he had to talk to the government, he would not have shared his customer's identity. Because he remains unwilling to share that piece of information, he would not have qualified for the safety valve even if he had spoken to the government for a third time. *See, e.g., United States v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997) (affirming a district court's decision that a defendant was not eligible for the safety valve provision when the defendant "failed to give a full forthright account of his activities" (internal quotations omitted)); *see also United States v. Claxton*, 766 F.3d 280, 305 (3d Cir. 2014) (explaining that, in order to qualify for the safety valve provision, a defendant must "reveal a broad[] scope of information about the relevant criminal conduct to authorities" (quoting *Sabir*, 117 F.3d at 153)). Therefore, Lopez-Batista was not prejudiced because there is no reasonable probability that, if he had a third chance to speak with the government, he would have qualified for the safety valve provision.

Lopez-Batista was also not prejudiced by his failure to allocute. The Court was required to sentence Lopez-Batista to the mandatory minimum of ten years imprisonment regardless of what Lopez-Batista said during his allocution. As a result, there was no probability his allocution would have changed the outcome of his case. As the Third Circuit explained on Lopez-Batista's direct appeal:

---

[2] The Court need not accept as true that Lopez-Batista does not know the name of his customer because the factual findings the Court made during its hearing on the safety valve issue contradict Lopez-Batista's statement that he does not know his customer's name.

5

> [R]egardless of what [Lopez-Batista might] have said in allocution, the District Court was obligated by statute to impose a sentence of no less than the mandatory minimum of ten years' imprisonment. And that was the sentence given. On those facts, it is clear that the error did not prejudicially affect [Lopez-Batista's] sentence.

*United States v. Lopez-Batista*, 749 F. App'x 111, 114 (3d Cir. 2018) (internal citations omitted; second alteration in original); *see also United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (stating a defendant may not use a motion under 28 U.S.C. § 2255 to relitigate an issue already decided on direct appeal). Because Lopez-Batista was not prejudiced by his failure to allocate, his ineffective assistance claim on this ground fails.

**CONCLUSION**

The Court will deny Lopez-Batista's motion without a hearing. The record demonstrates Lopez-Batista's counsel was not deficient in securing opportunities for Lopez-Batista to speak to the government, and, even if he had been deficient, this deficiency did not prejudice Lopez-Batista. The record also demonstrates Lopez-Batista was not prejudiced by his failure to allocute at sentencing because he was sentenced to the mandatory minimum. Because reasonable jurists could not disagree about whether Lopez-Batista is entitled to relief, the Court will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 ("Where a district court has rejected the constitutional claims on the merits, the showing required [for a certificate of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.")

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.